UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIAD M. SLEIT,

      Plaintiff,

v.                                                    CASE NO: 8:07-cv-724-T-23TBM

RICOH CORPORATION,

      Defendant.

_____/

## **ORDER**

The plaintiff, Riad Sleit ("Sleit"), sues (Doc. 2) the defendant, Ricoh Corporation

("Ricoh"), for breach of "contract, promises, compensation policies, etc." from the

defendant's failure to "apply and enforce" its "Code of Conduct" and "Code of Ethics"

(Doc. 2 at ¶¶ 3, 6, 15-17, 57).  The defendant moves to dismiss (Doc. 4).

Both "Florida courts and federal courts interpreting Florida law recognize" that:

> policy statements contained in employment manuals do not give rise to
> enforceable contract rights in Florida unless they contain specific language which
> expresses the parties' explicit mutual agreement that the manual constitutes a
> separate employment contract.

Freese v. Wuestoff Health System, Inc., 2006 WL 1382111 (M.D. Fla. May 19, 2006);

citing Quaker Oats Co. v. Jewell, 818 So.2d 574, 578 (Fla. 5th DCA 2002).  Ricoh's

Code of Ethics explicitly states that it "is not an employment contract . . . " (Doc. 2 at

42).  Similarly, the Code of Conduct states that it is "subject to modification by Ricoh

Corporation from time-to-time in its sole discretion" (Doc. 2 at 12).  Employee manuals

such as handbooks and memoranda – even those that include compensation policies –

are unilateral policy statements and do not contractually bind employers.  See

OneSource Facility Services, Inc. v. Mosbach, 2007 WL 1068205 (M.D. Fla. Apr. 5,

2007) (holding that an employee benefit policy suggesting bonuses was a unilateral

promise, not a contract); see also Tohma v. Spalding & Evenflo Companies, Inc. 724

So.2d 693 (Fla. 2d DCA 1999) (under Florida law an employee's reasonable

expectation of salary creates no binding term of employment).

Sleit ties his breach of contract claims to "verbal promises" (Doc. 1 at ¶¶ 17, 18,

25, and 35) and argues that dismissal is inappropriate because "of the bargained-for

verbal promises separately articulated from the written instruments from which they may

possibly derive" (Doc. 5 at 2).[1]  The complaint (Doc. 2) alleges damages for injury

"[u]nder the contract, terms and conditions of employment, company policies and/or

verbal promises including but not limited to the Code of Conduct and Code of Ethics

. . ." (Doc. 2 at ¶¶ 15-17).  At a minimum Rule 8(a), Federal Rules of Civil Procedure,

requires more than "labels and conclusions."  Bell Atlantic Corp. v. Twombly, 127 S.Ct.

1955, 1969 (2007).  As Twombly instructs, a "formulaic recitation of the elements of a

cause of action will not do . . . .  Without some factual allegation in the complaint, it is

hard to see how a claimant could satisfy the requirement of providing not only fair notice

of the nature of the claim, but also grounds on which the claim rests."  127 S.Ct. at 165.

"In oral contract actions the complaint must allege the mutual formation of an oral

contract, the obligation thereby assumed, consideration, and a breach."  Int'l

---

[1]The Plaintiff's reliance on Conley v. Gibson, 355 U.S. 41 (1957) is misplaced.  Bell Atlantic
Corporation v. Twombly, 127 S.Ct. 1955 (2007), explicitly supersedes Conley's "no set of facts" rule.

Brokerage & Surplus Lines, Inc. v. Liberty Mutual Insur., Co., 2007 WL 220172 (M.D. Fla. Jan. 26, 2007); citing Perry v. Cosgrove, 464 So.2d 664 (Fla. 2d DCA 1985). Conclusory allegations of "verbal promises," without more, do not state a claim for breach of contract under Florida law and Twombly.

Accordingly, the defendant's motion to dismiss (Doc. 4) is **GRANTED**.  The plaintiff may amend the complaint on or before **September 12, 2007**.  If the plaintiff fails to file an amended complaint by the deadline this case will be dismissed without further notice.

ORDERED in Tampa, Florida, on August 30, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
       Courtroom Deputy