UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIAD M. SLEIT,

    Plaintiff,

v.                                            CASE NO: 8:07-cv-724-T-23TBM

RICOH CORPORATION,

    Defendant.
_____/

## ORDER

The defendant moves (Doc. 30) to dismiss the plaintiff's second amended complaint (Doc. 29) (the "SAC") for failure to state a claim upon which relief can be granted, and the plaintiff responds (Doc. 33) in opposition.

On a motion dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Instead, Rule 8(a) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). However, the complaint must include "'[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" Fin. Sec. Assur., Inc. v. Stephens, Inc., 2007 WL 2700280, *3 (11th Cir. Sept. 18, 2007) (quoting Twombly, 127 S. Ct. at 1964-65). "Stated differently, the factual allegations in

a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief,' Stephens, 2007 WL 2700280, at *3 (quoting Twombly, 127 S. Ct. at 1966-67).

An August 31, 2007, order (Doc. 25) dismisses the amended complaint. The amended complaint alleges that the plaintiff served under a "verbal" (i.e., oral) contract with the defendant since 1997. The sole count of the complaint alleges (Doc. 25 ¶ 57) that since 2003 the defendant "has continuously and variously breached the . . . contract" as well as other "promises, compensation policies, etc., including but not limited to" the provisions of the defendant's two employment manuals or policies–a "Code of Conduct and Orderly Marketing Guidelines" (the "Code of Conduct") and a Code of Ethics (collectively, the "Codes"). The order dismisses the amended complaint because (1) under Florida law, "policy statements in employment manuals or other executive memoranda do not constitute the terms of a contract of employment unless language in the employee manual or memoranda 'expressly provides' that the manual constitutes a separate employment agreement, or the parties otherwise mutually and explicitly agree to that effect,"[1] (2) instead of expressly providing that they constitute employment contracts, the Codes expressly or impliedly disavow any intent to create a contract, and (3) although the amended complaint refers to an oral employment contract and other oral promises, the allegations of breach appeared to depend entirely on breach of the Codes.

Count one of the SAC ("breach of express contract") alleges that the defendant breached the "expressly-agreed" (Doc. 29 ¶ 59) terms of an oral employment contract including "the specific . . . terms and conditions" stated in sub-parts A-S of paragraph 6.

---

[1] Norman v. Tradewinds Airlines, Inc., 2003 U.S. Dist. LEXIS 14883, 15-16 (M.D.N.C. June 13, 2003) (citing Quaker Oats Co. v. Jewell, 818 So.2d 574, 578-79 (Fla. Dist. Ct. App. 2002).

- 2 -

Incorporating paragraphs 1-6 and 9-56 of the general allegations, the plaintiff expressly omits (Doc. 29 ¶ 58) from this count "references to ¶ 7 and ¶ 8" (i.e., to the paragraphs that introduce the Codes and allege that the plaintiff and the defendant agreed to abide by the provisions of the Codes) and in particular (Doc. 29 ¶ 59) "references to implied agreements or tacit promises contained in ¶ 7 and ¶ 8." That is, count one is not based on the terms of the Codes.

Count two ("breach of express contract") of the SAC retreats somewhat from absolute disavowal of reliance on the Codes. Count two alleges (Doc. 29 ¶ 64) that the defendant breached the "expressly-agreed terms and conditions of employment set out in ¶ 6, ¶ 7, and ¶ 8." That is, count two relies on paragraphs 7 and 8 (which allege that the plaintiff and the defendant agreed to abide by the provisions of the Codes) as well as paragraph 6 (which describes the terms of a separate agreement). However, although re-alleging paragraphs 1-56, count two adds (Doc. 29 ¶ 63) that "references to implied agreements or tacit promises contained in ¶ 7 and ¶ 8 are omitted." In short, count two relies on paragraphs 7 and 8 insofar (but only insofar) as those paragraphs allege that the defendant and the plaintiff expressly agreed to abide by the provisions of the Codes.

Count three of the SAC ("breach of implied contract") alleges (Doc. 29 ¶ 69) that the defendant breached an implied agreement and tacit promise "that Plaintiff would receive compensation based on the implied terms and conditions of employment set out in ¶ 6 and ¶ 7." That is, count three relies in part on an implied agreement and tacit promise to abide by the provisions of the Code of Conduct (paragraph 7)–but apparently

not the provisions of the Code of Ethics (paragraph 8).[2] Accordingly, count three re-alleges (Doc. 29 ¶ 68) paragraphs 1-3b, 4, 5, and 7-56 but adds that "references to explicit agreements contained in ¶ 7 and ¶ 8 and references to ¶ 6[3] are omitted."

Count four of the SAC ("unjust enrichment") alleges that the defendant was unjustly enriched as a result of management and sales services the plaintiff provided to the defendant. Count four re-alleges paragraphs 1-3b, 4, 5, and 7-56 but adds that "references to explicit agreements contained in ¶ 7 and ¶ 8 and references to ¶ 6 are omitted." That is, count four relies on no explicit agreement.

Requiring repeated subtraction of terms from the plaintiff's general allegations, this manner of pleading is hardly simple or direct. See Rule 8(e), Federal Rules of Civil Procedure ("Each averment of a pleading shall be simple, concise, and direct."). However, the complaint is adequately pleaded. To the extent that they rely on the terms of the Codes, counts one and two allege the breach of an express agreement to abide by those terms. Therefore counts one and two no longer suffer from the defect of the first amended complaint. Additionally, count four requires no allegation of a contract, implied or express.[4] To the extent that count three relies on an "implied agreement" to abide by the terms of the Code of Conduct (or the Code of Ethics), count three is subject to dismissal for the reasons stated in the August 31, 2007, order. See also Norman, 2003 U.S. Dist. LEXIS 14883, at 15-16; OneSource Facility Servs., Inc. v.

---

[2] But see Doc. 29 ¶ 8e.

[3] Paragraph 68 ("references to ¶ 6 are omitted") seems inconsistent with Paragraph 69 (the defendant agreed that plaintiff "would receive compensation based on the implied terms and conditions of employment set out in ¶ 6 . . .").

[4] Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A., 938 So. 2d 571, 577 (Fla. Dist. Ct. App. 2006).

Mosbach, 508 F. Supp. 2d 1115, 1122 (M.D. Fla. 2007). However, requiring re-pleading of this count serves no present purpose.[5]

Accordingly, the defendant's motion to dismiss the SAC for failure to state a claim on which relief can be granted (Doc. 30) is **DENIED**.

ORDERED in Tampa, Florida, on November 19, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] Similarly, the defendant's statute of frauds argument is premature because "the primary factor to be utilized in determining whether or not an oral contract is to be performed within the one year limitation of the statute is . . . the intent of the parties." First Realty Inv. Corp. v. Gallaher, 345 So. 2d 1088, 1089 (Fla. Dist. Ct. App. 1977). See also Elliot v. Carl H. Winslow, Jr., P.A., 737 So. 2d 609, 610 (Fla. Dist. Ct. App. Dist. 1999) ("The general rule is that an oral contract for an indefinite time is not barred by the Statute of Frauds. Only if a contract could not possibly be performed within one year would it fall within the statute." (citations omitted). But see Hesston Corp. v. Roche, 599 So.2d 148, 152 n.4 (Fla. Dist. Ct. App. 1992) ("[A]n oral contract for employment for an indefinite period of time is within the statute of frauds." (citing Johnson v. Edwards, 569 So.2d 928 (Fla. Dist. Ct. App. 1990).